PER CURIAM.
Samuel Alamo, III (“Alamo”), challenges the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence, We affirm, but write to address one issue.
Alamo was convicted of a third-degree felony. He argues that his sentence of six months in the county jail, followed by 60 months of probation is illegal because it exceeds the statutory maximum punishment of five years for third-degree felonies. See § 775.082(3)(e), Fla. Stat. (2014) (effective October 1, 2014). In summarily denying Alamo’s motion, the. lower court explained in its order that Alamo was sentenced to 60 months of probation with a special condition of probation that Alamo serve the first six months in the county jail.
Section 948.03(2), Florida Statutes (2014), permits a court, as a special condition of probation, to impose a period of incarceration not to exceed 364 days. Accordingly, Alamo’s sentence is lawful. However, the original judgment and sentence entered is not a model of clarity and understandably caused Alamo concern. The judgment should be clarified to specifically state that Alamo was placed on probation for 60 months with a special condition of his probation that he serve the first six months of his probation in the county jail. We therefore remand and direct the trial court to correct the judgment and sentence as described above. Alamo need not be present when this change is made.
AFFIRMED; REMANDED with directions.
BERGER, LAMBERT, and EDWARDS, JJ., concur.